United States District Court
Southern District of Texas
**ENTERED**
March 30, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| *Plaintiff*, § | |
| § | |
| v. § | CRIMINAL ACTION NO. 4:21-cr-588 |
| § | |
| ANTHONY HUTCHISON and § | |
| BRIAN BUSBY, § | |
| *Defendants*. § | |

## PROTECTIVE ORDER

The Government has filed a Motion for Protective Order (Doc. No. 37) and Defendant Anthony Hutchison ("Hutchison") has filed a Response in opposition (Doc. No. 38). Defendant Brian Busby has not filed a response and according to the motion is not opposed. According to his Response, Hutchison "fails to see the need to maintain a file with protective order acknowledgements" to the effect that the information in question will be kept confidential. (Doc. No. 38 at 1). He does not dispute that the documents in question contain private information about third parties, including personal identifiers, addresses, phone numbers, financial records, and even medical or sexual matters.

Hutchison's Response is enough to convince the Court that the Government's position is correct. Hutchison suggests that his lawyers may keep the information in a shared workspace where it can be accessed by all employees. He goes so far as to question: "What if a summer intern peruses the materials while conducting legal research?" (*Id.*). The private lives of third parties are not being produced for the "perusal" of part-time employees. Even if such perusal was, in fact, related to case preparation, it is not a hardship to have that person acknowledge their duties of confidentiality.

Hutchison's specific objections are far outweighed by the privacy concerns of the individuals in question. First, Hutchison complains that he receives "no corresponding benefit." Information concerning the private lives of third parties is not being produced as part of a "quid pro quo." If these third parties are actually called as witnesses, their duty will be to tell the truth regardless of who gave a "quid" or received a "quo." This material is only being produced to ensure Defendants get a fair trial and to allow the Defendants to adequately prepare their defense. There is no bargaining involved.

Second, Hutchison questions whether his defense lawyers, experts, vendors, consultants, and staff must comply and certify they will keep the information they are given access to within the confines of the case. The answer is yes—any other use would be misuse. It is not too much to require a promise to maintain confidentiality in order for one to see the evidence collected by the Government concerning non-litigants. Furthermore, this type of order does not hinder the progress of the case or the preparation of the parties. It has been used by this and other courts throughout the nation for years.

Finally, Hutchison claims that he sees no reason why he must comply if the Government does not. The Court agrees with this point and this order puts the Government under similar obligations.

It is hereby ORDERED that:

1. Any and all discovery materials relating in any way to third parties that the Government produces to any defendant shall be reviewed by only (i) the defendant, (ii) his attorneys in this case, (iii) employees of those attorneys, (iv) witnesses and potential witnesses (including potential experts) in this case and their counsel, (v) a photocopying or data processing service to whom it is necessary that the defendant show the materials for the purposes of

preparation, trial, direct appeal (if any), and collateral attack (if any) of this case, and (vi) experts, consultants, or investigators assisting in the preparation, trial, direct appeal (if any), and collateral attack (if any) of this case. The defendants shall not disclose the contents of any discovery material to any individual or entity except as provided herein, as agreed to by the parties, or as further ordered by the Court.

2. The parties shall use discovery materials and their contents solely for the preparation, trial, direct appeal (if any), and collateral attack (if any) of this case and for no other purpose whatsoever. No additional copies of the discovery materials shall be made except as necessary for those purposes. Before first disclosing discovery material or its contents to any individual or entity, the party in question or their attorney or attorneys of record must give to the individual or entity receiving the material covered by this Order a copy of this Order. That person or entity must agree to abide by this Order in writing, and the parties' counsel shall maintain a copy signed and dated by the individual or a representative of the entity until such time as all appeals in this matter (if any) are concluded.

3. Within 60 days from the conclusion of these proceedings (if any) and any direct appeal (if any) from or collateral attack (if any) upon these proceedings, the discovery material disclosed by the Government and any duplicates made in the preparation, trial, and direct appeal (if any) of this case shall be returned to the Government or destroyed by the defendant, unless the Court gives specific permission for an exception to this requirement.

4. This Order also applies to any and all individuals (including any and all of defendant's attorneys and agents) to whom the defendants, pursuant to this Order, show or disclose the contents or substance of any material produced to them by the Government.

5. Nothing in this Protective Order limits the defendants or the Government from disclosing discovery material in this or related judicial proceedings, including motions, hearings, trial, direct appeal (if any), and collateral attack (if any). The parties shall comply with Federal Rule of Criminal Procedure 49.1 with respect to the public filing or use of any discovery material containing personally identifiable or sensitive information, including: (1) social security numbers, (2) names of minor children, (3) dates of birth, (4) financial account numbers, and (5) any other information that was clearly meant to be kept private. *See* Fed. R. Crim. P. 49.1. The parties shall also apply the requirements of Criminal Rule 49.1 when showing any discovery material containing personally identifiable or sensitive information to any third party.

6. From the date of this Order forward, the same obligations (of obtaining an agreement in writing to abide by this Order and to keep those records until all appeals are either waived or exhausted) and restrictions contained in paragraph 2 are equally applicable to disclosures by the Government as to any person not already required by law to maintain the confidentiality of this information.

7. Upon a showing of good cause, either the defendants or the Government may make a motion to the Court to amend or otherwise modify this Protective Order.

IT IS SO ORDERED.

SIGNED at Houston, Texas this 30th day of March, 2022.

_____
Andrew S. Hanen
United States District Judge